UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK FERNANDO LUNA RIVERA,<br><br>Petitioner,<br><br>v.<br><br>TAE D. JOHNSON, et al.,<br><br>Respondents. | No.  1:26-cv-02371-DAD-AC<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE AND GRANTING MOTION TO APPOINT COUNSEL<br><br>(Doc. Nos. 2, 3) |

This matter is before the court on federal immigration detainee petitioner Erick Fernando Luna Rivera's motion for temporary restraining order, filed on his behalf by Maria Andino who is purporting to act under "next friend" status in a *pro se* capacity.  (Doc. No. 2.)  Ms. Andino has also filed a motion to appoint counsel on petitioner's behalf.  (Doc. No. 3.)  Pursuant to court order, respondents then filed an opposition to petitioner's motion for a temporary restraining order.  (Doc. No. 8.)  For the reasons below, the court will grant petitioner's motion to appoint counsel and will deny petitioner's motion for temporary restraining order.

"[N]ext friends appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves."  *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990) (internal quotation marks omitted).  "Most important for present purposes, next friend standing is by no means granted automatically to whomever seeks to

1

pursue an action on behalf of another. . . . First, a next friend must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a next friend must have some significant relationship with the real party in interest." *Id.* at 163 (internal quotation marks and citations omitted).

However, "courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Accordingly, other judges in this district have concluded that, although the federal habeas corpus statute permits one acting in "next friend" status to file a habeas action on behalf of another, the "next friend" cannot proceed *pro se*. *See Tarasov v. Facility Dir., Mesa Verde ICE Processing Facility*, No. 1:26-cv-00450-JLT-EPG (HC), 2026 WL 181554, at *1–2 (E.D. Cal. Jan. 23, 2026) (finding that the petitioner's purported "next friend" could not proceed *pro se*); *Soza v. Warden of Cal. City Det. Facility*, No. 1:26-cv-00737-KES-SAB (HC), 2026 WL 237716, at *1–2 (E.D. Cal. Jan. 29, 2026) (same). Therefore, the court concludes that it must deny petitioner's motion for temporary restraining order because it has been improperly filed.

Title 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel for petitioners seeking relief under 28 U.S.C. § 2241 who are financially eligible if "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B). To determine whether appointment is appropriate, the court must "evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Here, respondents agree that they "do not find material factual differences between this case and" the court's prior decisions in *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026) and *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-

/////

/////

DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026).  (Doc. No. 8 at 2.)  Therefore, the court finds that the interests of justice would be served by the appointment of counsel.[1]

For the reasons explained above,

1.      Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED without prejudice to its refiling;

2.      Petitioner's motion for appointment of counsel (Doc. No. 3) is GRANTED as follows:

a.      The matter is hereby REFERRED to the Federal Public Defender's Office of this district to determine if petitioner is financially eligible for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B), and if so to identify counsel for petitioner;

b.      The Clerk of the Court shall serve a copy of this order and the petition for writ of habeas corpus on the Federal Defender, Attention:  Habeas Appointment; and

c.      Within seven (7) days of the date of service of this order, a notice shall be filed with the Court by the Federal Public Defender's Office regarding whether petitioner is financially eligible for appointment of counsel and, if so, identifying counsel to be appointed at petitioner's behalf.

IT IS SO ORDERED.

Dated:    **March 31, 2026**            _____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1]  Considering the helpful information that Maria Andino was able to bring to the court's attention, the court encourages appointed counsel to contact her to coordinate representation of petitioner.

3