UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK FERNANDO LUNA RIVERA, A-201-544-771,<br>Petitioner,<br>v.<br>TAE D. JOHNSON, et al.,<br>Respondents. | No. 1:26-cv-02371 DAD AC P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding with counsel, has filed a First Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 12. Specifically, petitioner argues that ICE's revocation of his prior release on his own recognizance without a pre-deprivation hearing violates his due process rights under the Fifth Amendment, as well as the Administrative Procedures Act. Id. at 8-12. As discussed below, the court recommends that petitioner's request for habeas relief be granted, and that petitioner be immediately released with the same conditions he was subject to immediately prior to his detention.

## I. Factual Background

Petitioner is a native and citizen of Guatemala. ECF No. 14-1 at 1, 30. He first entered the United States as a seventeen-year-old minor with his mother in December 2018 by crossing

the border between Mexico and Arizona. ECF No. 12 at 2; ECF No. 14-1 at 1, 30. Petitioner was released by ICE on his own recognizance, with orders to report in person to ICE's Baltimore, Maryland field office on an annual basis. ECF No. 14-1 at 26-29 (December 27, 2018 Order of Release on Recognizance). Petitioner has lived in the United States for eight years, and asserts that his application for asylum is currently pending. ECF No. 12 at 2. Petitioner has epilepsy and claims to have suffered multiple seizures while in ICE custody. Id.

In October 2023, petitioner was arrested by Maryland police following a domestic dispute, although all charges against petitioner were subsequently dismissed. ECF No. 14-1 at 3, 12-13. Petitioner has no other criminal history. Id.

When petitioner reported to ICE's Baltimore, Maryland office on January 21, 2026, ICE re-detained petitioner with no notice or individualized bond hearing. Id. at 7; ECF No. 14-1 at 2. Petitioner is presently detained at the California City Immigration Processing Center.

II. Procedural History

On March 27, 2026, the court received petitioner's pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention (ECF No. 1) as well as a motion for temporary restraining order ("TRO") (ECF No. 2). He also filed a motion for appointment of counsel (ECF No. 3) and a request that the court expedite consideration of his federal habeas petition (ECF No. 4). On March 20, 2026, the Honorable Dale A. Drozd directed respondents to file a response to petitioner's motion for temporary restraining order. ECF No. 6.

Respondents opposed petitioner's TRO on March 30, 2026, contending that petitioner's petition and TRO were improperly filed by his fiancé, who did not have "next friend" standing to litigate on petitioner's behalf as a non-lawyer. ECF No. 8. Because there was no evidence in the record to indicate that petitioner's epilepsy rendered him incapable of verifying his own filings, Judge Drozd denied petitioner's motion for temporary restraining order without prejudice and granted his motion for appointment of counsel. ECF No. 10 at 1-3.

On April 30, 2026, with the assistance of newly appointed counsel, petitioner filed an Amended Petition for Writ of Habeas Corpus alleging violations of his federal due process rights as well as the Administrative Procedures Act. ECF No. 12 at 8-12. The undersigned directed

respondents to file a response that substantively addressed whether there are any factual or legal issues that materially distinguish the amended habeas petition from the court's prior orders in Quichimbo-Jimenez v. Warden, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), Cardenas v. Chestnut, et al., No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026), Perez v. Albarran, No. 1:25-CV-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), or other similar cases previously decided by this court. ECF No. 6.

Respondents' response to the First Amended Petition provides that "Respondents do not distinguish his case from the category of cases for which the Court has typically ordered immediate release." ECF No. 14 at 1. Nevertheless, respondents contend that the plain text of the applicable statutes dictate that petitioner is an "applicant for admission" subject to mandatory immigration detention under 8 U.S.C. § 1225(b), and as such, petitioner "does not possess the right to freedom from immigration detention in any form other than the form provided by Congress. Id. (citing DHS v. Thuraissigiam, 591 U.S. 103, 139 (2020)).

On July 21, 2026, petitioner filed a reply requesting that the court grant his writ of habeas corpus and order that any identification documents seized from petitioner be returned to him immediately. ECF No. 15.

## III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

## IV. Discussion

As noted above, respondents present no factual or legal issues that materially distinguish this case from the court's prior orders in Quichimbo-Jimenez, 2:26-cv-00739-DAD-EFB (HC),

2026 WL 679378 (E.D. Cal. Mar. 10, 2026), Cardenas, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026), or Perez, No. 1:25-CV-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), or any other similar cases previously decided by this court. ECF 14. Rather, respondents acknowledge this case is not distinguishable from "the category of cases for which the Court has typically ordered immediate release." Id. at 1. Considering the facts of this case and respondents' concession that it is not materially distinguishable, the undersigned adopts and incorporates by reference the reasoning in Quichimbo-Jimenez, Cardenas, and Perez, and finds that petitioner's re-detention without a hearing before a neutral adjudicator where the government would be required to justify his re-detention by clear and convincing evidence violates due process. Because the court finds relief appropriate on the merit of petitioner's federal due process claim, the court declines to address petitioner's alternative claims seeking the same or similar relief (*i.e.*, petitioner's immediate release from detention).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 12) be GRANTED, as follows:
   a. Respondents shall IMMEDIATELY RELEASE petitioner ERICK FERNANDO LUNA RIVERA, A-201-544-771, from custody, with the same conditions he was subject to immediately prior to his detention on January 21, 2026. At the time of release, respondents must return all of petitioner's documents and possessions.
   b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.
   c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his January 21, 2026 detention.

3. The Clerk of the Court is directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE